**ORDERED.**

**Dated:  May 19, 2023**

Jacob A. Brown
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF FLORIDA
## JACKSONVILLE DIVISION

In re

Case No. 3:22-bk-1860-JAB

Spiderman Scott Mulholland
and Tina Marie Mulholland,

Chapter 7

        Debtors.
_____/

Rebekka Trahan,

        Plaintiff,

v.

Adv. Pro. No. 3:22-ap-00066-JAB

Spiderman Scott Mulholland,

        Defendant.
_____/

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

        This Adversary Proceeding is before the Court on Plaintiff Rebekka Trahan's Motion

for Summary Judgment and Striking the Affirmative Defense[1] (the "Motion") filed on

January 10, 2023, Defendant Spiderman Scott Mulholland's Response to Plaintiff's Motion

---

[1] Doc. 14.

for Summary Judgment and Striking the Affirmative Defense[2] (the "Response") filed on January 31, 2023, Plaintiff's Reply to Response to Motion for Summary Judgment[3] (the "Reply") filed on February 2, 2023, Plaintiff's Supplemental Memorandum in Support of Summary Judgment[4] (the "Memo in Support") filed on March 28, 2023, and Defendant's Response to Plaintiff's Supplemental Memorandum in Support of Summary Judgment[5] (the "Response to Memo") filed on April 18, 2023.

### FINDINGS OF FACT[6,7]

As noted in the Motion, the Response, and the Reply,[8] in *In re Trahan v. Mulholland*, Adv. Pro. No. 3:19-ap-00063-JAF (the "Prior Adversary Proceeding"), (the "Consent Judgment")[9] was entered on November 19, 2019 stating in pertinent part:

> 1. Judgment is entered in favor of the Plaintiff and against the Defendant Spiderman Scott Mulholland as to Count 1 of Plaintiff's Complaint to Deny Discharge (Doc. 1). Defendant is denied discharge as to Plaintiff pursuant to 11 U.S.C. 523(a)(6).
> 2. All remaining Counts in Plaintiff's Complaint to Deny Discharge (Doc. 1)

---

[2] Doc. 15.

[3] Doc. 16.

[4] Doc. 24.

[5] Doc. 27.

[6] Findings of fact and conclusions of law set forth herein are made in accordance with Fed. R. Bankr. P. 7052 and Fed. R. Civ. P. 52.

[7] Attached to Doc. 6, Plaintiff includes the following self-authenticating documents: (1) the judgment rendered in *Rebekka Trahan v. Spiderman Mulholland and Tina Marie Mulholland*, No. 01-2015-CA-4247, 8th Judicial Circuit Alachua County, Florida (the "State Court Action"); (2) the jury verdict form from the State Court Action; (3) the Order on Plaintiff's Motion for Partial Summary Judgment from *In re Spiderman Mulholland and Tina Marie Foley Mulholland*, No. 19-ap-00063-JAF; and (4) the Consent Judgment from *In re Spiderman Mulholland and Tina Marie Foley Mulholland*, No. 19-ap-00063-JAF.

[8] Doc. 14 at ¶ 3; Doc. 15, Ex. 1; Doc. 16 at ¶ 4.

[9] Adv. Pro. No. 3:19-ap-0063-JAF, Doc. 23.

against Defendant Spiderman Scott Mulholland are dismissed with prejudice. The remaining counts related only to Defendant Tina Marie Foley Mulholland. Those remaining counts were affected by the Court's Order of Conditional Dismissal.[10]

The pleadings convey that both Plaintiff and Defendant agree that Plaintiff is not seeking to deny Defendant's discharge under 11 U.S.C. § 727 but is only seeking an exception to discharge under 11 U.S.C. § 523(a)(6).[11] The pleadings also explicitly convey that both Plaintiff and Defendant agree that the exception to discharge, from in *Rebekka Trahan v. Spiderman Mulholland and Tina Marie Mulholland*, No. 01-2015-CA-4247, 8th Judicial Circuit Alachua County, Florida (the "State Court Judgment") in the amount of $4,643,000, ought to be reduced by the amount already recovered by Plaintiff.[12]

In her Complaint,[13] Plaintiff asserts that her $4,643,000 claim against Defendant as a result of the State Court Judgment is non-dischargeable based on the following: (1) 11 U.S.C. § 523(a)(6) provides that a debtor shall not be discharged from a debt arising from "willful and malicious injury by the debtor to another entity...,"[14] and Defendant's debt arises from like circumstances; (2) Defendant has acknowledged the nondischargeable nature of the judgment; and (3) res judicata should be applied to collaterally estop Defendant from relitigating the State Court Judgment and the nondischargeability determination from the Prior Adversary Proceeding.

---

[10] Adv. Pro. No. 3:19-ap-0063-JAF, Doc. 34; *see Joint Stipulation of Facts*, Doc. 28 at ¶ 7.
[11] Doc. 14 at ¶ 10; Doc. 11 at ¶ 4.
[12] Doc. 11 at ¶ 4; Doc 15 at ¶ 3; Doc. 16 at ¶ 5; Doc. 27 at ¶ 11-14.
[13] Doc. 1. Plaintiff attached the following items to the Complaint: (1) the State Court Judgment; (2) the jury verdict form from the State Court Action; and (3) the Consent Judgment.
[14] 11 U.S.C. § 523(a)(6).

In his Answer,[15] Defendant admits key facts alleged in Plaintiff's Complaint including: (1) the Defendant filed a Chapter 11 petition on November 24, 2018, and the case was dismissed on January 15, 2022; (2) Defendant was subject to a liquidated final judgment (the State Court Judgment) when he filed bankruptcy; (3) Defendant appealed the State Court Judgment, and the appeal was denied when the ruling was affirmed per curiam by the First District Court of Appeals on April 30, 2020; (4) Plaintiff filed an adversary proceeding against Defendant asserting that res judicata should be applied to collaterally estop Defendant from denying the non-dischargeability of Plaintiff's claim; and (5) Defendant consented that the Plaintiff's claim is non-dischargeable in the Prior Adversary Proceeding.[16]

Plaintiff's Memo in Support and Defendant's Response to Memo further resolve that there is no genuine dispute as to any material fact. In particular, Defendant's Response to Memo states: (1) "Defendant will not be asserting that the dismissal of the prior adversary proceeding is a defense to this adversary proceeding;" and (2) "Defendant will not dispute that Plaintiff holds a claim which is not dischargeable under 11 U.S.C. § 523(a)(6)."[17]

## CONCLUSIONS OF LAW

### A. Summary Judgment Standard

This Court, in reviewing a motion for summary judgment, is guided by the standard set forth in Fed. R. Civ. P. 56(c),[18] which is applicable to adversary proceedings pursuant

---

[15] Doc. 11.

[16] These facts are numbered as 7, 8, 10, 11, and 12, respectively, in Plaintiff's Complaint, Doc. 1.

[17] Doc. 27 at ¶ 5-6.

[18] Fed. R. Civ. P. 56(c) states in relevant part, as follows:
> The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.

to Rule 7056 of the Federal Rules of Bankruptcy Procedure. To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."[19] The Court must view the evidence and the inferences from that evidence in the light most favorable to the nonmovant.[20] The Court should grant the motion if the pleadings, together with supporting materials in the record, show that the movant is entitled to judgment as a matter of law.[21]

The party moving for summary judgment "always bears the initial responsibility of informing the court of the basis for its motion."[22] This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact.[23] If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish — with evidence beyond the pleadings — that a genuine dispute material to each of its claims for relief exists.[24] **There is no genuine issue of material fact if the nonmoving party has produced no evidence such that a reasonable factfinder could return a verdict in its favor.**[25]

### B. Analysis

The issue of whether Plaintiff is entitled to an exception to discharge has been litigated in the Prior Adversary Proceeding and was resolved by the Consent Judgment. Accordingly, the common law doctrine of res judicata prevents any further arguments on the matter of exception to discharge under 11 U.S.C. 523(a)(6), and Defendant is collaterally estopped from

---

[19] Fed. R. Civ. P. 56(a).
[20] *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).
[21] *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam).
[22] *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986).
[23] *Id.*
[24] *Id.* at 324.
[25] *See Waddell v. Valley Forge Dental Assocs., Inc.*, 276 F.3d 1275, 1279 (11th Cir. 2001).

arguing against the exception to discharge.[26] Sensibly, Defendant has formally withdrawn his argument against the exception to discharge.[27] Defendant has also presented no evidence opposing summary judgment, so there is no genuine dispute as to any material fact.

Clerk's Office to Serve

---

[26] Res judicata (also known as claim preclusion) prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior decision. *Brown v. Felsen*, 442 U.S. 127, 131 (1979). Whereas res judicata forecloses all that which might have been litigated previously, collateral estoppel treats as final only those questions actually decided in the prior suit. *Id*. at 139 n.10.
[27] Doc. 27 at ¶ 5-6.